UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Marion Russell Harris, et al.    No. 2:11-cv-03279-MCE-KJN

    Plaintiffs,

  v.    <u>MEMORANDUM AND ORDER</u>

Wells Fargo Bank, N.A., et al.,

    Defendants.

----oo0oo----

On December 12, 2011, Plaintiffs, proceeding pro se, filed their "Complaint for Emergency Injunctive, Declaratory and Other Relief, to Stay Foreclosure and Complaint for Unlawful Foreclosure" (ECF No. 1). Currently before the Court is Plaintiff's request for a temporary restraining order to prevent the foreclosure sale of their real property on December 14, 2011. See ECF No. 1 at 22-24. For the following reasons, Plaintiffs' request is DENIED.

///

///

1

1        First, Plaintiffs' request is denied because they have
2   failed to comply with the provisions of Local Rule 231 regarding
3   temporary restraining orders.  Specifically, Local Rule 231(c)(4)
4   requires Plaintiffs to file an affidavit in support of the
5   existence of an irreparable injury.  No such affidavit was filed
6   here.  In addition, Local Rule 231(c)(5) requires "an affidavit
7   detailing the notice or efforts to effect notice to the affected
8   parties or counsel or showing good cause why notice should not be
9   given."  Plaintiffs did not include an affidavit detailing their
10  efforts, if any, at notifying Defendants.  Furthermore, the
11  Summons accompanying the Complaint does not list addresses for
12  any of the named Defendants.  Finally, Local Rule 231 (c)(6)-(8)
13  requires Plaintiffs to submit proposed orders for the temporary
14  restraining order and the hearing for preliminary injunction.
15  Plaintiffs have not submitted either proposed order.

16       Plaintiffs have been on notice of the foreclosure actions by
17  Defendants since 2008.  While the Court takes notice of
18  Plaintiffs' status as pro se litigants, Plaintiffs have provided
19  no explanation for why they waited until less than forty-hours
20  remain before the foreclosure sale to file their Complaint, nor
21  have they demonstrated any exigent circumstances justify their
22  failure to comply with Local Rule 231.

23       Regardless, notwithstanding Plaintiffs' above procedural
24  failures, their Complaint is substantively inadequate as well.
25  Issuance of a temporary restraining order, as a form of
26  preliminary injunctive relief, is an extraordinary remedy, and
27  Plaintiffs have the burden of proving the propriety of such a
28  remedy by clear and convincing evidence.

                                2

1  See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); Granny Goose
2  Foods, Inc. v. Teamsters, 415 U.S. 423, 441 (1974).  Certain
3  prerequisites must be satisfied prior to issuance of a temporary
4  restraining order.  See Granny Goose, 415 U.S. at 439 (stating
5  that the purpose of a temporary restraining order is "preserving
6  the status quo and preventing irreparable harm just so long as is
7  necessary to hold a hearing [on the preliminary injunction
8  application], and no longer").  In general, the showing required
9  for a temporary restraining order is the same as that required
10 for a preliminary inunction.  Stuhlbarg Int'l Sales Co., Inc. v.
11 John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).
12      To prevail, "[a] plaintiff seeking a preliminary injunction
13 must establish that he is likely to succeed on the merits, that
14 he is likely to suffer irreparable harm in the absence of
15 preliminary relief, that the balance of equities tips in his
16 favor, and that an injunction is in the public interest."  Winter
17 v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374
18 (2008).  Alternatively, under the so-called sliding scale
19 approach, as long as the Plaintiffs demonstrate the requisite
20 likelihood of irreparable harm and show that an injunction is in
21 the public interest, a preliminary injunction can still issue so
22 long as serious questions going to the merits are raised and the
23 balance of hardships tips sharply in Plaintiffs' favor.  Alliance
24 for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir.
25 2011) (finding that sliding scale test for issuance of
26 preliminary injunctive relief remains viable after Winter).
27 ///
28 ///

1  Plaintiffs have failed to make the requisite showing that
2 they are either likely to succeed on the merits of their claims
3 or that they have raised serious questions going to those merits.
4 Specifically, in regard to their motion for a temporary
5 restraining order, Plaintiffs allege that Defendants must have
6 actual physical possession of the note to proceed with a
7 non-judicial foreclosure. See Complaint, ECF No. 1 at 22-24.
8 However, physical possession of the original promissory note is
9 not a pre-requisite to initiating foreclosure proceedings. Cal.
10 Civ.Code § 2924(a)(1); see also Farner v. Countrywide Home Loans,
11 No. 08-CV-2193 BTM, 2009 WL 189025, at *2 (S.D.Cal. Jan.26,
12 2009). More generally, Plaintiffs allegations fail to satisfy
13 the liberal pleading standards as set forth in Bell Atlantic
14 Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556
15 U.S. 662 (2009). Throughout the Complaint, Plaintiffs'
16 allegations are confusing and conclusory, directed generally at
17 multiple Defendants without differentiating between the actions
18 of one defendant and another. Furthermore, the Court concludes
19 that, under either the Winter or Cottrell standard, Plaintiffs
20 have failed to demonstrate that they have satisfied the elements
21 for injunctive relief.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

Accordingly, Plaintiffs' request for a temporary injunctive relief as indicated in their "Complaint for Emergency Injunctive, Declaratory and Other Relief, to Stay Foreclosure and Complaint for Unlawful Foreclosure" (ECF No. 1) is DENIED.

IT IS SO ORDERED.

Dated: December 13, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

5