IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARION RUSSELL HARRIS, JR., an
individual, and PAMELA ANN HARRIS,
an individual,

      Plaintiffs,                              No. 2:11-cv-03279 MCE KJN PS

    v.

WELLS FARGO BANK, N.A., et al.,

      Defendants.                             ORDER
_____/

        Plaintiffs are proceeding without counsel in this action.[1]  Currently pending are three motions to dismiss (Dkt. Nos. 8, 11, 14) and two requests for judicial notice (Dkt. Nos. 9, 15).  The motions to dismiss are currently set to be heard on February 16, 2012, at 10:00 a.m., in Courtroom 25.  Plaintiffs filed an opposition to the motions to dismiss.  (Dkt. No. 20.)

        Also currently pending are plaintiffs' "Motion for Default Judgment" as to defendant Wells Fargo Bank (Dkt. No. 17), as well as plaintiffs' "Objection to Defendants Bank Of America And First American Trustee Servicing Solutions Motion To Dismiss For Failure To State A Claim [and] Motion For Declaratory Judgment And Orders Against Defendants"

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1


1  (plaintiffs' "Objection and Motion").  (Objection and Motion, Dkt. No. 20.)  Finally, currently
pending is plaintiffs' "Motion for Voluntary Dismissal" as to Defendant Fidelity National Title
Insurance Company ("Fidelity").  (Mot. for Vol. Dismissal, Dkt. No. 19.)

   This order addresses two issues arising from two of plaintiffs' filings: (1) plaintiffs' passing request in their Objection and Motion that the court "stay the foreclosure of Plaintiffs['] property prior to the sale date of February 3, 2012" (Objection and Motion ¶ 4), and plaintiffs' "Motion for Voluntary Dismissal" of Fidelity (Mot. for Vol. Dismissal at 1-2).

I.   PLAINTIFFS' REQUEST FOR TEMPORARY RESTRAINING ORDER

   On January 30, 2012, plaintiffs filed their Objection and Motion.  (Objection and Motion, Dkt. No. 20.)  Notwithstanding plaintiffs' styling of the motion as an "Objection" and "Motion for Declaratory Judgment," the filing appears designed both to oppose the three pending motions to dismiss and to move for additional relief.  The document describes the same sorts of conduct alleged in plaintiffs' pleading, namely, plaintiffs' purchase of a home in Placerville, the financing of plaintiffs' home loan, various attempts to modify the loan, the default on the loan, etc.  (Id. at 9-12.)  In one paragraph within plaintiffs' Objection and Motion, plaintiffs purport to move "the court to stay the foreclosure of Plaintiffs['] property prior to the sale date of February 3, 2012." (Objection and Motion ¶ 4.)  By way of clarification, this order addresses only the request made in Paragraph 4 of plaintiffs' Objection and Motion, and does not address any other aspects of that particular filing.

   To the extent plaintiffs intended the fourth paragraph of their Objection and Motion to serve as a request for a temporary restraining order, plaintiffs' request is denied for failure to comply with to the court's Local Rules.  Eastern District Local Rule 231(c) provides, in part, that "[n]o hearing on a temporary restraining order will normally be set unless" the party seeking emergency relief files documents with the request for relief that include: "a brief on all relevant legal issues presented by the motion"; "an affidavit in support of the existence of an irreparable injury"; "an affidavit detailing the notice or efforts to effect notice to the affected

parties or counsel or showing good cause why notice should not be given"; "a proposed temporary restraining order with a provision for a bond"; and "a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, amount of the bond, if any, and the date and hour of issuance." See E. Dist. Local Rule 231(c)(3)-(7).[2]  Plaintiffs have not filed these documents.

While plaintiffs attached an "Affidavit of Truth" to their Objection and Motion and suggested that such affidavit "support[s] the existence of an irreparable injury and damage" (Objection and Motion ¶ 5), the "Affidavit of Truth" actually describes the factual background generally leading to plaintiffs' filing this lawsuit. (Dkt. No. 20 at 9-11.)  It does not support "the existence of an irreparable injury" necessitating extraordinary relief prior to "February 3, 2012." See E. Dist. Local Rule 231(c)(3)-(7).  Indeed, the date "February 3, 2012" appears nowhere within plaintiffs' filings *except* for the sole fleeting reference in Paragraph 4 of the Objection and Motion.  Plaintiffs do not explain why they did not request extraordinary relief in connection with events set to occur on "February 3, 2012" sometime *before* their filing on January 30, 2012, which is just three days prior.[3]  The "Affidavit of Truth" also fails to "detail" plaintiffs' "notice or efforts to effect notice to the affected parties." Id.  Accordingly, to the extent plaintiffs intended to request a temporary restraining order with respect to events set to occur on February 3, 2012, the request is procedurally improper and is denied without prejudice.[4]

---

[2]  The Eastern District Local Rules are available on the court's website, www.caed.uscourts.gov, and also through the office of the Clerk of the Court.

[3]  As Judge England explained in a prior order denying plaintiffs' request for a temporary restraining order, "[w]hile the Court takes notice of Plaintiffs' status as pro se litigants, Plaintiffs have provided no explanation for why they waited until less than forty-hours remain before the foreclosure sale to file their Complaint, nor have they demonstrated any exigent circumstances to justify their failure to comply with Local Rule 231." (Dkt. No. 4 at 2.)

[4]  This is the second time that plaintiffs have been reminded of the need to comply with the court's local rules and the Federal Rules of Civil Procedure in the context of a request for a temporary restraining order.  Previously in this action, Judge England denied plaintiffs' request for a temporary restraining order in part because of procedural deficiencies. (Dkt. No. 4 at -3.)

1           Although plaintiffs are proceeding without counsel in this action, they are nonetheless required to follow the court's local rules, the court's orders, and the Federal Rules of Civil Procedure.  See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

            Accordingly, to the extent plaintiffs intended Paragraph 4 of their Objection and Motion (Dkt. No. 20) to serve as a request for a temporary restraining order in connection with events set to occur on February 3, 2012, the request is denied.

## II. PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF FIDELITY

            Plaintiffs seek to voluntarily dismiss defendant Fidelity from this action, as stated in plaintiffs' Motion for Voluntary Dismissal.  (Dkt. No. 19.)  Plaintiffs explain that they "have determined that Fidelity National Title Insurance Company is not involved" with the other defendants in this case, and "[t]herefore, [plaintiffs] move[] the court to withdraw the Fidelity National Title Company from this action."  (Id. at 1-2.)

            Federal Rule of Civil Procedure 41(a) governs voluntary dismissals.  Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by filing . . . (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . ."  Dismissal under this rule requires no action on the part of the court and divests the court of jurisdiction once the notice of voluntary dismissal is filed.  See, e.g., United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA, 545 F.3d 1134, 1145 (9th Cir. 2008).

////

---

Compliance with the rules of litigation procedure is required of all litigants, and this requirement applies in the context of a request for extraordinary relief.  Plaintiffs have now been directed to the applicable rules on more than one occasion.  Should plaintiffs' request extraordinary relief in the future, procedurally defective requests may be summarily denied.

Here, because Fidelity has not yet filed an answer or motion for summary judgment in this case, plaintiffs may unilaterally dismiss Fidelity without a court order pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). In other words, no court order is required to effectuate Fidelity's voluntary dismissal from this case. See Fed. R. Civ. P. 41(a)(2). Accordingly, the undersigned construes plaintiffs' "Motion" for Voluntary Dismissal as a "Notice" of Voluntary Dismissal. Because plaintiffs have not indicated whether the desired dismissal should be with prejudice or without prejudice, the dismissal is without prejudice pursuant to Rule 41(a)(1)(B) ("[u]nless the notice . . . states otherwise, the dismissal is without prejudice.")

Accordingly, IT IS HEREBY ORDERED that:

1. To the extent plaintiffs intended Paragraph 4 of their Objection and Motion (Dkt. No. 20) to serve as a request a temporary restraining order in connection with events set to occur on February 3, 2012, the request is denied. In the future, should plaintiffs wish to request a temporary restraining order, plaintiffs must follow all of the requirements stated in Eastern District Local Rule 231. Requests for temporary restraining orders that fail to comply with these specific procedural requirements may be summarily denied.

2. Plaintiffs' "Motion for Voluntary Dismissal" (Dkt. No. 19) is construed as a "Notice" of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) given that Fidelity has not yet filed an answer in this case, the filing of which automatically effectuated the dismissal of defendant Fidelity without prejudice.

IT IS SO ORDERED.

DATED: February 2, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE