IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARION RUSSELL HARRIS, JR.,
PAMELA ANN HARRIS

     Plaintiffs,                         No. 2:11-cv-03279 MCE KJN PS

  v.

WELLS FARGO BANK, N.A., et al.,

     Defendants.                   <u>ORDER</u>
_____/

        Plaintiffs Marion Russell Harris and Pamela Ann Harris (plaintiffs) are proceeding without counsel and appearing pro se in this dispute.[1]

        On January 17, 2012, plaintiffs filed a document styled as a motion for default judgment as to defendant Wells Fargo Bank, N.A. (Dkt. No. 17.) However, the court's docket reveals that plaintiffs did not seek, and thus the Clerk of Court did not enter, a clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a) prior to the filing of the motion for default judgment. Accordingly, the undersigned denies plaintiffs' motion for default judgment.

        Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part,

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

Rule 55 provides:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2) By the Court.** In all other cases, the party must apply to the court for a default judgment. . . .

Fed. R. Civ. P. 55(a)-(b). As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default; and (2) filing a motion for the entry of default judgment. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); accord Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment); see also Norman v. Small, No. 09cv2235 WQH, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (unpublished) (denying plaintiff's motion for default judgment because the clerk had not yet entered a default); Cramer v. Target Corp., No. 1:08-cv-01693-OWW-SKO, 2010 WL 2898996, at *1 (E.D. Cal. July 22, 2010) (unpublished) ("Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment."); Bach v. Mason, 190 F.R.D. 567, 574 (D. Idaho 1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is improper, it is denied."), aff'd, 3 Fed. Appx. 656 (9th Cir. 2001), cert. denied, 534 U.S. 1083 (2002).

Here, plaintiffs failed to seek a clerk's entry of default from the Clerk of Court prior to filing their motion for default judgment. Plaintiffs did not request or obtain a clerk's

entry of default from the Clerk of Court upon a showing by affidavit or otherwise that defendant Wells Fargo Bank, N.A., failed to plead or otherwise defend itself.[2] Accordingly, plaintiffs' motion for default judgment is not properly before the undersigned and is denied.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for default judgment (Dkt. No. 17) is denied.

**IT IS SO ORDERED.**

DATED: February 13, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiffs' complaint names "Wells Fargo Bank, N.A." as a defendant. (Compl., Dkt. No. 1 at 1.) However, confusingly, plaintiffs' pending motion for default judgment describes "Wells Fargo Bank" as well as "Wells Fargo Home Mortgage" as the allegedly defaulting defendant. (Dkt. No. 17 at 1-2.) Moreover, had plaintiffs attempted to seek a clerk's entry of default prior to filing the pending motion, the Clerk of Court would likely have denied the request because plaintiffs have not shown by affidavit or otherwise that named defendant Wells Fargo Bank, N.A. (Compl. at 1), failed to appear *after being properly served with process* under the Federal Rules of Civil Procedure. Any defects in service of process render a default judgment subject to attack through a motion to set aside the default. See Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992) (holding that if service of process on a party in an earlier action against whom a default judgment was entered was not proper, then the default judgment in the earlier action was void and had no preclusive effect in the present action); see, c.f., Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) ("A failure to make a timely answer *to a properly served complaint* will justify the entry of a default judgment" (emphasis added).), cert. denied, 484 U.S. 870 (1987).